```
Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com
Attorney for Debtor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>J1K5, LLC<br><br>        Debtor. | Case No.: 24-41436-CN<br>Chapter: 7<br>R.S. No. ALG-1<br><br>DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1), (d)(2) AND (d)(4)<br><br>Date: October 18, 2024<br>Time: 2:00 pm<br>Judge: Honorable Charles Novack<br>Crtrm: 215 or Via Video/Telephone<br>Location: United States Bankruptcy Court 1300 Clay Street Oakland, CA 94612 |

Debtor J1K5 LLC hereby opposes this motion for relief from stay by US BANK [as trustee for VRMTG ASSET TRUST]. Debtor's opposition is based on this opposition and the accompanying declarations of Dennis Yan, Vi Dan Tran, and counsel Leeds Disston.

RELEVANT BACKGROUND

Debtor J1K5, LLC (J1K5) was formed on June 3, 2023 as a California Limited Liability Company. On February 2, 2024, J1K5 purchased 90% of the membership of Legal Recovery LLC (LR), which holds title to 949-953 Lombard Street, San Francisco, CA (the "Lombard Property"). On September 16, 2024, J1K5's interest in the Lombard Property was deeded to J1K5 by a Deed recorded as San Francisco Recorder Doc# 2024071010, which was exempt from transfer tax as where the grantor and grantee are comprised of the same party and their proportional interest remains the same.

- 1

On 09/17/2024, J1K5 filed petition in this case under Chapter 7. On 09/29/2024, J1K5 filed an amended petition under Chapter 11. On 10/01/2024, J1K5 filed Schedules A/B, D, E/F, G, H, Statement of Financial Affairs, and other required documents. On 10/3/2024, J1K5 filed MOTION TO CONVERT TO CHAPTER 11 with notice of opportunity for hearing. Debtor alleges that it is eligible for relief under Chapter 11.

Debtor is a successor-in-interest and beneficiary to an agreement entered into on August 8, 2024 between Legal Recovery LLC (LR), co-owner of the Lombard property, and US Bank as to the treatment of US Bank's mortgage lien on the Lombard property in a reorganization plan. It is Debtor's stated intention to file a reorganization plan upon conversion of the case to Chapter 11, base on the terms of the August 8, 2024 or on terms as may be negotiated between the parties.

Legal Recovery LLC (LR) is a California limited liability company formed in 2013. Following is a summary of the background facts. (See Declaration of Dennis Yan for complete background information.) LR purchased the Lombard property on January 30, 2024 at a Sheriff Sale for $2,900,000 from the prior owner, LOMBARD FLATS, LLC, an entity controlled by MARTIN ENG (Eng). LR is a judgment creditor of Eng. When LR acquired the Lombard property on January 30, 2024, US Bank had already scheduled a trustee sale for February 7, 2024. On February 6, 2024, LR filed a petition under Chapter 11 (*In re. Legal Recovery LLC,* Case no. 24-30074).

During LR's Chapter 11 case, its nonmember manager, Dennis Yan, negotiated an agreement on August 8, 2024 between LR and U.S. Bank as to the treatment of US Bank's lien on the Lombard property in a reorganization plan. The agreement calls for monthly payments of $7,500 and total payment of of $3,560,217.93, US Bank's prepetition loan balance, within 3 years of an approved plan. The terms and the formation of that August 8, 2024 agreement are memorialized in the emails between the parties as follows:

> On Aug 8, 2024 at 11:07 AM Graff <agraff@wrightlegal.net> wrote:
> Hello Mr. Yan and Mr. Disston,

Fay confirmed that 36 monthly payments at $7,500.00 each, with all the other proposed terms, is the lowest payment amount that the investor will accept. So this is the final and best offer. Please let me know if you have any additional questions.

Thanks,

Arnold L. Graff, Esq.

Managing Bankruptcy Attorney


From: Dennis Yan <anewlaw@gmail.com>
Sent: Thursday, August 8, 2024 12:06 PM
To: Arnold L. Graff <agraff@wrightlegal.net>
Cc: Leeds Disston <casdiss@yahoo.com>; Kristina M. Pelletier <kpelletier@wrightlegal.net>
Subject: Re: In re Legal Recovery, LLC 24-30074 / 288-20242067.001

Other than change in $7500/mo. and the proposed terms, will Fay agree to or not oppose the filed amended plan and its exhibits? If so, please go ahead and prepare the stipulation.

On Thu, Aug 8, 2024 at 1:26 PM Arnold L. Graff <agraff@wrightlegal.net> wrote:

Hello - If the Debtor will sign a plan treatment stipulation with the below terms, and further amend the plan to incorporate all the terms of the stipulation, then it is my understanding that the investor will agree to the plan. Please advise.

1.   Monthly plan payments of $7,500.00 each, to commence on August 15, 2024 and continue monthly until July 15, 2027, when the full claim of $3,560,217.93 claim amount is due and owing.

2.   Debtor is to maintain all real property taxes and insurance on the Property directly, and promptly provide proof of the same to US Bank upon request of US Bank or its servicer.

3.   Between August 15, 2024 and June 15, 2027, if any payments are missed or if Debtor fails to maintain the taxes and/or insurance (or fails to provide proof of the same upon request), Debtor will be in default under the terms of the plan and is entitled to up to 2 notice of default letters with 10 days to cure. If the noticed missed payment or non-monetary default is not promptly cured/remedied with the 10 days, or if a third default shall occur, the default under the plan has been deemed uncurable, and US Bank can promptly file a default

declaration and stay relief order with the court (if the plan has not yet been confirmed), which shall be granted by the court without any further notice or hearing.

a. If the default is post-confirmation, the default declaration must still be filed, but there is no need to obtain a stay relief order before proceeding with US Bank's state law rights and remedies under the loan documents and applicable state law.

4. If the total secured claim is not paid off in full by August 15, 2027, US Bank can also immediately file a default declaration and proceed with its state law remedies.

5. In the event of any uncurable default under the plan pursuant to provisions 3 and 4 above, the terms of the loan shall automatically revert back to the original terms of the loan documents.

6. Debtor and its managing member Dennis Yan each agree to not oppose any future stay relief motions filed by US Bank or its successor-in-interest in any future bankruptcy cases filed by either of them to try to prevent foreclosure.

From: Dennis Yan <anewlaw@gmail.com>
Sent: Thursday, August 8, 2024 2:21 PM
To: Arnold L. Graff <agraff@wrightlegal.net>
Cc: Leeds Disston <casdiss@yahoo.com>; Kristina M. Pelletier <kpelletier@wrightlegal.net>
Subject: Re: In re Legal Recovery, LLC 24-30074 / 288-20242067.001

Please prepare the stipulation. We will inform the court that we have a tentative agreement.

From: Arnold L. Graff
Sent: Thursday, August 8, 2024 2:34 PM
To: 'Dennis Yan' <anewlaw@gmail.com>
Cc: Leeds Disston <casdiss@yahoo.com>; Kristina M. Pelletier <kpelletier@wrightlegal.net>
Subject: RE: In re Legal Recovery, LLC 24-30074 / 288-20242067.001

Hello,

It looks like I have the greenlight to proceed with the stipulation at the below terms. I will prepare the stipulation for your review.

- 4 -

Mr. Graff was to prepare the written stipulation, but based on information and belief, US Bank or FAY SERVICING LLC, the loan servicing company, caused Mr. Graff to renege on the agreement and refused to draft and enter into the stipulation on the terms as agreed. On the next day, August 9, 2024, Mr. Graff appeared on behalf of US Bank before the Bankruptcy Court and obtained an order for relief from stay to foreclose on the Lombard property on September 18, 2024.

On August 12, 2024, after coming to the conclusion that the August 8, 2024 agreement is enforceable, LR submitted a verified complaint for specific performance and a request to file new litigation to the Presiding Judge of the Superior Court of San Francisco. On August 29, 2024, the Presiding Judge approved the verified complaint for filing. (See Declaration of Dennis Yan at Ex. A.) LR attempted to settle with US Bank without filing the new litigation, but after the effort was unsuccessful, LR filed the verified complaint on September 9, 2024 (*LEGAL RECOVERY, LLC Vs. FAY SERVICING LLC et al.*; S.F. Supr. Crt, Case no. CGC-24-617922). The case is pending and seeks the main remedy of specific performance as to the August 8, 2024 agreement.

THE COURT SHOULD DENY THIS MOTION FOR RELIEF FROM STAY

In this motion, Movant US Bank contends that there is no equity in the Lombard property, that there is no adequate protection or payment on the loan, and that the Lombard property is not necessary for reorganization. Movant's contention is disingenuous because there is already an enforceable agreement reached on August 8, 2024 as to the treatment of movant's mortgage lien in a reorganization plan which would provide for monthly payments of $7,500 and total payments of $3,560,217.93 within 3 years of an approved plan. It is Movant who has failed to abide by that agreement, necessitating a new litigation in the Superior Court of San Francisco for specific performance, and for the instant bankruptcy by J1K5 as co-owner of the Lombard property. It is J1K5's intention to submit a proposed reorganization plan upon the conversion of the case to Chapter 11 base on the terms of the August 8, 2024 agreement or terms as may be negotiated between the parties.

## Section 362(d)(4)

To prevail on a motion for relief from the bankruptcy stay under 11 U.S.C.S. §362(d)(4), a movant must prove the following elements: First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property. *Lira v. Wells Fargo Bank N.A.* (In re Lira), No. CC-14-1338- DKiBr, 2015 Bankr. LEXIS 2602, at 16 (B.A.P. 9th Cir. Aug. 4, 2015). Section 362(d)(4) does not define the term "scheme," but it has been held in this context to refer to "an artful plot or plan." *Ibid.*

Here, there is no plot by J1K5 or LR. Movant claims that five bankruptcies were filed by Martin Eng and his entities and associates, including Lombard Flats, LLC (the "Prior Owners"). J1K5 and LR have no involvement with the prior owners' bankruptcies, which also delayed and hindered LR's enforcement of its judgment against Eng and Lombard Flats LLC.

LR filed its first and only Chapter 11 petition on February 6, 2024 (*In re. Legal Recovery LLC*, Case no. 24-30074), and in good faith negotiated the August 8, 2024 agreement with US Bank. LR's bankruptcy petition was not in bad faith as Movant suggests, on the contrary, it is Movant US Bank who has acted in bad faith in refusing to abide by that August 8, 2024 agreement.

The instant petition by J1K5 is also not in bad faith. The filing of a bankruptcy petition on the eve of a foreclosure, by itself, does not establish a bad faith filing or "cause" for relief from the stay. (See, *e.g., In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr.S.D.N.Y. 1997) (so noting).) J1K5 is a successor-in-interest and beneficiary to the August 8, 2024 agreement, and it is ready and able to consummate the terms of the August 8, 2024 agreement. It is Debtor's intention to file a reorganization plan upon conversion of the case to Chapter 11 base on the terms of the August 8, 2024 agreement or on terms as may be negotiated with US Bank.

Furthermore, the deed to J1K5 of an undivided 9/10 interest as tenant-in-common of the Lombard Property, when J1K5 already has 90% interest in the Lombard property through its membership in LR, is not by legal definition under California law a transfer or a change in ownership of real property but a change in the method of holding title.  (See Cal. Corp. Code § 17540.2(a) ["A limited liability company may be converted into another business entity or a foreign other business entity or a foreign limited liability company pursuant to this chapter if ... each of the members of the converting limited liability company would receive a percentage interest in profits and capital of the converted entity equal to that member's percentage interest in profits and capital of the converting limited liability company as of the effective time of the conversion .... "]) (See also, State of California Board Of Equalization Property Tax Rules, Rule 462.180 (b)(2) [The following transfers do not constitute changes in ownership of the real property: Proportional Transfers of Real Property. Transfers of real property between separate legal entities or by an individual to a legal entity (or vice versa), which result solely in a change in the method of holding title and in which the proportional ownership interests in each and every piece of real property transferred remain the same after the transfer."])  Hence, the deed to J1K5 of an undivided 9/10 interest as tenant-in-common of the Lombard Property is not a transfer of ownership or other interest in the real property without the consent of the secured creditor.

Finally, there is no multiple bankruptcies by J1K5.  The instant bankruptcy is the first by J1K5, and it is not filed in bad faith.  J1K5 is ready and able to abide by the terms of the August 8, 2024 agreement with US Bank.  Therefore, the requirements for relief under Section 362(d)(4) have not been satisfied.  Movant is not entitled to relief pursuant to 11 U.S.C. § 362(d)(4).

<u>Section 362(d)(1)</u>

Movant seeks relief from stay pursuant to § 362(d)(1) for the stated reason that there is no equity in the Lombard property and no payments have been made to Movant post-petition.

Movant is an undersecured creditor.  The mere fact that payments have not been made on movant's loan post petition and that the loan had matured are not bases for relief from stay.

- 7 -
Case: 24-41436    Doc# 25    Filed: 10/08/24    Entered: 10/08/24 08:11:55    Page 7 of 10

J1K5 is not required to make post-petition interest payments to US Bank. The general rule is that unsecured creditors are not entitled to post-petition interest as part of their claim. (See e.g., *United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 372-73 (1988) (recognizing the "general rule disallowing postpetition interest" under § 502(b)(2)); *In re W. Tex. Mktg. Corp.*, 54 F.3d 1194, 1197 (5th Cir. 1995) ("[C]laims for post-petition interest are not allowed against the estate."))

Movant also contends that there is no equity in the Lombard property. But the mere fact that there is no equity cushion is not a basis for relief from stay. (See *Pistole v. Mellor* (*In r Mellor*) 734 F.2d 1396, 1400 (9th Cir. 1984) ["The fact that the debtor has no equity in the estate is not sufficient, standing alone, to grant relief from the automatic stay under section 362(d)(1)."])

To obtain relief from stay for lack of adequate protection, a creditor must demonstrate that the property is declining in value. (See *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001) ("The failure to provide adequate protection when the property is declining in value is a classic basis for granting relief from the stay for cause.")) Adequate protection is, essentially, protection for the creditor to assure its collateral is not depreciating or diminishing in value, and a secured creditor must, therefore, prove this decline in value, or the threat of a decline, in order to establish a prima facie case. (*In re DB Capital Holdings, LLC*, 454 B.R. 804, 817 (Bankr. D. Colo. 2011).) Adequate protection does not entitle an undersecured creditor to recover "lost opportunity costs" as compensation for the delay in foreclosing on its collateral caused by the automatic stay, since a secured party's right to immediate foreclosure is not an "interest in property" entitled to protection. The concept of adequate protection is not designed or intended to place an undersecured or minimally secured creditor in a better postfiling position than it was in before the automatic stay went into effect, and an adequate protection analysis is unnecessary unless there is a threat to the value of the encumbrance. (*In re Evans Coal Corp.*, 485 B.R. 162, 57 Bankr. Ct. Dec. (CRR) 131 (Bankr. E.D. Tenn. 2013).)

Here, Movant provided no evidence of declining property value. Furthermore, it is disingenuous for Movant to argue that J1K5 has not make monthly payments on the loan, when it is Movant who is refusing to abide by the August 8, 2024 agreement which calls for monthly payments of

$7,500 and total payment of $3,560,217.93 to Movant within 3 years of an approved reorganization plan. Therefore, the requirements for relief under Section 362(d)(1) have not been satisfied. Movant is not entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Section 362(d)(2)

11 U.S.C.A. § 362(d)(2) provides for relief from the stay if the debtor does not have an equity in such property *and* the property is not necessary to an effective reorganization. (See *In re Suter,* 10 B.R. 471, 472 (Bankr. E.D. Pa. 1981) ("Court may only modify the stay under § 362(d)(2) if it appears that the debtor lacks equity and the property is not necessary to the reorganization."); see also *In re DB Capital Holdings, LLC*, 454 B.R. 804, 819-20 (Bankr. D. Colo. 2011) ("According to [*United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd.*, 484 U. S. 365, 371 (1988)]*,* to demonstrate property is necessary to a successful reorganization requires: not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts ... have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time." In assessing whether a debtor can prove "a reasonable possibility of a successful reorganization within a reasonable time," courts generally apply a lesser standard in determining whether the debtor has met its burden early in a case. This standard has been referred to as the "sliding scale" burden of proof, "intended to benefit debtors who have a realistic chance of reorganization but who have not had sufficient time to formulate a confirmable plan."))

Here, Debtor J1K5 filed an amended petition under Chapter 11 on 09/29/2024. On 10/3/2024, Debtor filed MOTION TO CONVERT TO CHAPTER 11 with notice of opportunity for hearing. Debtor alleges that it is eligible for relief under Chapter 11 because it is a successor in interest and beneficiary to the August 8, 2024 agreement with US Bank as to the treatment of US Bank's mortgage lien on the Lombard property in a reorganization plan. The Lombard property is necessary to an effective reorganization. It is Debtor's intention to file a reorganization plan upon conversion of the case to Chapter 11 base on the terms of the August 8, 2024 or terms as

- 9 -
Case: 24-41436    Doc# 25    Filed: 10/08/24    Entered: 10/08/24 08:11:55    Page 9 of 10

negotiated with US Bank. There is no basis for relief from stay pursuant to § 362(d)(2) when the Lombard property is necessary to an effective reorganization, and before Debtor has had an opportunity to submit a plan for Court's review and approval.

CONCLUSION

For the reasons stated, the Court should deny Movant's motion for relief from automatic stay or alternatively, continue the hearing to after Debtor's motion to convert case to Chapter 11.

October 7, 2024

/s/ Leeds Disston
Attorney for Debtor J1K5, LLC

- 10 -
Case: 24-41436    Doc# 25    Filed: 10/08/24    Entered: 10/08/24 08:11:55    Page 10 of 10