WRIGHT, FINLAY & ZAK, LLP
Arnold L. Graff, Esq. SBN 269170
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
agraff@wrightlegal.net

Attorneys for Movant, US Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>J1K5 LLC,<br><br>　　　　　　　Debtor. | Case No.: 24-41436-CN<br>Chapter: 7<br>R.S. No. ALG-1<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1), (d)(2) AND (d)(4) (REAL PROPERTY)**<br><br>**HEARING:**<br>Date: October 18, 2024<br>Time: 2:00 pm<br>Judge: Honorable Charles Novack<br>Crtrm: **215 or Via Zoom**<br>Location: United States Bankruptcy Court<br>　　　　　1300 Clay Street<br>　　　　　Oakland, CA 94612 |

US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST ("Movant") hereby submits the following reply in support of its Motion For Relief from the Automatic Stay Pursuant to §§ 362(d)(1), (d)(2) and (d)(4) (Real Property)(the "Motion").

After the Motion was filed, Debtor filed a rambling and baseless opposition to the Motion on October 8, 2024 (the "Opposition")[*See* ECF #25], which assets that stay relief is not warranted in this Bankruptcy. Specifically, the Opposition asserts that:

1

Reply in Support of Movant's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4)

Case: 24-41436    Doc# 26    Filed: 10/15/24    Entered: 10/15/24 15:53:22    Page 1 of 5

Relief is Not Warranted under 362(d)(4) because LR filed only one Bankruptcy in early 2024 and Debtor filed this second bankruptcy in good faith because: (a) Movant and LR allegedly made a binding agreement in August 2024, of which Debtor is a successor- in-interest, and Debtor, which was already a majority owner in LR, intends to force said agreement via a chapter 11 plan (despite this case being a chapter 7 and the transfer occurring <u>while</u> the Property was and still is estate property in the pending bankruptcy of LR);

Relief is Not Warranted under 362(d)(1) because Movant has not provided evidence of declining property value, and it is Movant that refused to accept the terms of the alleged August 2024 agreement; and

Relief is Not Warranted under 362(d)(2) because, even if there is no equity in the Property, it is still necessary for an effective reorganization because Debtor has filed a motion to convert this chapter 7 case to a chapter 11, so that Debtor can try to force the alleged August 2024 Agreement through a Chapter 11 Plan.

For the reasons explained below, Debtor's opposition badly misses the mark on all its ill-conceived arguments, and binding in rem stay relief is warranted and greatly needed as soon as possible to finally end the bad faith games and stall tactics that continue to greatly harm Movant.

**1)** **<u>Relief is Warranted Under 362(d)(4)</u>**

As a preliminary matter, it should be noted that this new bankruptcy from Debtor, including the Motion to Convert, was filed by the very same attorney who was disqualified from representing LR in its pending converted chapter 7 bankruptcy.[1] Next, Debtor's Opposition asserts that the Grant Deed transferring an major interest in the Property from LR to Debtor on the eve of foreclosure was not a bad faith transfer because Debtor has allegedly been a majority

---

[1] Despite being disqualified in the LR bankruptcy, counsel for LR still recently appeared at the 341(a) meeting, while LR's principal failed to appear with no advance notice or reason provided.

2

Reply in Support of Movant's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4)

Case 24-41436    Doc# 26    Filed: 10/15/24    Entered: 10/15/24 15:53:22    Page 2 of 5

owner of LR for a long time. However, there is no dispute that Debtor did not have an ownership interest in the Property itself until the eve of foreclosure, and that the Grant Deed was necessary for Debtor to file this bad faith bankruptcy to stop the most recently scheduled foreclosure sale. In short, there is no dispute that a transfer occurred, without Movant's knowledge or consent, on the eve of foreclosure so that this bankruptcy was filed just prior to the scheduled sale. There is also no dispute that this is the second case filed between LR and Debtor within the past year affecting the Property.

The Opposition also fails to address a critical point; LR had no authority from the bankruptcy court in the LR bankruptcy case to transfer estate property to Debtor. Again, while Movant obtained stay relief in the LR Bankruptcy, the Property itself remained estate property, and LR never obtained court authority to transfer it to Debtor before filing the Instant Bankruptcy.

There was also no August 2024 Agreement between Movant and LR, as Debtor's Opposition conveniently leaves out multiple email exchanges in which LR's principal confirms there was no agreement and advises that LR still wants to work something out. Simply put, Movant made a counteroffer, which was rejected by LR when it unequivocally confirmed it could not afford the counteroffer, and then made its own counter, which was rejected by Movant. Then, when LR tried to accept the prior counter (despite already rejecting it and not having the financial means to do it), Movant did not renew its offer. While Movant's counsel mistakenly believed he still had authority, this was incorrect, and he promptly notified Debtor of the same as soon as he became aware. Moreover, if LR truly believed it had a viable breach of contract action, Debtor would not have abandoned its efforts to obtain an injunction in state court and would not have instead made the unauthorized transfer to Debtor to file this bad faith bankruptcy at issue. LR and Debtor simply cannot force an agreement that was never made. A true and

3

Reply in Support of Movant's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4)

Case 24-41436    Doc# 26    Filed: 10/15/24    Entered: 10/15/24 15:53:22    Page 3 of 5

correct copy of Movant's Opposition to LR's Request for a TRO (and supporting documents) filed in state court, are attached hereto as **Exhibit 1**.

Thus, there is no doubt that the Instant Bankruptcy – which is a chapter 7 liquidation case – was filed as part of a bad faith scheme to hinder, delay or defraud Movant, which scheme consists of at least two (2) bankruptcy case filings and an unauthorized transfer of an interest in the Property. Indeed, if Debtor were serious about filing a good faith case, it would not have filed a chapter 7. And again, its counsel, who now seeks to convert this case to a chapter 11, was already disqualified from the pending LR Bankruptcy just a couple of months ago. The bad faith involved could not be more apparent and in rem stay relief is clearly warranted and requested.

### 2) Relief is Warranted Under 362(d)(1)

There is no dispute that there is no equity in the Property and no payments have been made for many years. Debtor instead tries to argue around this by raising the alleged August 2024 Agreement. But as explained above and in **Exhibit 1**, there was no such agreement. And even assuming arguendo there was such an agreement (there was not), Debtor would already be $22,500 behind on the required payments, which would entitle Movant to expedited stay relief, and the assurance of no oppositions from LR or Debtor to any any future motions for relief filed in any future bankruptcy cases. But no payments were made because there was no such agreement. (See **Exhibit 1**). Simply put, relief is clearly warranted under 362(d)(1) and Debtor has no argument to the contrary.

### 3) Relief is Warranted Under 362(d)(1)

Stay relief is also warranted under 362(d)(2) because, in addition to Movant's loan being under-secured by many hundreds of thousands of dollars, this case was filed as a chapter 7 liquidation case, which makes the Property unnecessary for an effective reorganization. While Debtor has since filed a motion to convert the case to a chapter 11, this does not change the fact

Case 24-41436    Doc# 26    Filed: 10/15/24    Entered: 10/15/24 15:53:22    Page 4 of 5

that there is no equity in the Property and Movant has no interest in working out any plan treatment stipulation with debtor, which is an unauthorized grantee filing this bankruptcy just to waste even more of Movant's time and money. Again, Debtor's attorney who filed the Motion to Convert is the very same attorney that was just disqualified from the Chapter 11 case of LR. This is clearly a bad faith attempt to get another swing of the bat, but Movant is not interested in participating in any more of LR's and Debtor's bad faith games. Since this is a chapter 7 case, and there is no dispute that Movant is under-secured by many hundreds of thousands of dollars, stay relief is also warranted under 362(d)(2).

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: October 15, 2024

By: */s/ Arnold L. Graff*
Arnold L. Graff, Esq.
Attorneys for Movant, US Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust

5
Reply in Support of Movant's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4)

Case 24-41436    Doc# 26    Filed: 10/15/24    Entered: 10/15/24 15:53:22    Page 5 of 5