Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

J1K5, LLC

        Debtor.

Case No.: 24-41436-DM
Chapter: 7
R.S. No. ALG-1

SURRESPONSE TO MOVANT'S REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1), (d)(2) AND (d)(4)

Date: October 18, 2024
Time: 10:30 AM
Via Tele/Videoconference
Before The Hon. Dennis Montali
www.canb.uscourts.gov/calendars

MOVANT'S ADMISSION OF A BINDING AGREEMENT

Movant in its reply states that "*[w]hile Movant's counsel mistakenly believed he still had authority*, this was incorrect, and he promptly notified Debtor of the same as soon as he became aware." (REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY ["Movant's Reply"] at 3:19-21) (Emphasis added). Movant's statement is sufficient to hold that an agreement had been reached on August 8, 2024 (the "Agreement").

Here, Mr. Graff is the authorized agent of its principal in its negotiations with Legal Recovery LLC (LR) through Mr. Yan. In Movant's Reply, Mr. Graff concedes that he "believed he still had authority", and this believe was reasonably shared by Mr. Yan. The authority of Mr. Graff, whether actual or ostensible, binds the principal. Under California law, actual authority stems from conduct of the principal which causes the agent reasonably to believe that the principal has

- 1 -

consented to the agent's act; ostensible authority, from conduct of the principal which leads the third party reasonably to believe that the agent is authorized to bind the principal. (Civ. Code, §§ 2300, 2315, 2316, 2317; *Tomerlin v. Canadian Indem. Co.*, 61 Cal.2d 638, 643; *South Sacramento Drayage Co. v. Campbell Soup Co.*, 220 Cal.App.2d 851, 856.) An ostensible agency is created when conduct by the principal leads a third party reasonably to believe that the agent has the authority to bind the principal [ *Mejia v. Community Hospital of San Bernardino* (2002) 99 Cal. App. 4th 1448, 1457-1458, 1460; *Petersen v. Securities Settlement Corp.* (1991) 226 Cal. App. 3d 1445, 1452]. An agent represents his or her principal for all purposes within the scope of the agent's actual or ostensible agency, and all the rights and liabilities that would accrue to the agent from transactions within that limit, if they had been entered into on the agent's own account, accrue to the principal. [Civ. Code § 2330; *Lippert v. Bailey* (1966) 241 Cal. App. 2d 376, 382]. The acts of an agent within the scope of his or her authority are considered the acts of the principal, even if not specifically authorized by or known to the principal, and third parties with whom an agent deals are entitled to enforce contracts entered into by the agent on behalf of a principal [see *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal. 3d 699, 707-709, 131 Cal. Rptr. 882, 552 P.2d 1178].

Here, Mr. Graff states that he believed he still has authority, presumably from the conduct of the principal in causing Mr. Graff to so believe, hence there was actual authority by Mr. Graff to bind the principal to the Agreement. Also, there was ostensible authority because the third party, LR, was lead to reasonably believe that Mr. Graff has such authority. As memorialized by the emails on August 8, 2024, there was an offer, acceptance, confirmation of acceptance, and specific details as to the terms of the agreement and the obligations of the respective parties. Under California law, a contract had been reached. A contract is created by a proposal or offer by one party and an acceptance by the other. [ *Tuso v. Green* (1924) 194 Cal. 574, 580-581.] An offer must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance promised is reasonably certain. [ *Weddington Productions v. Flick* (1998) 60 Cal. App. 4th 793, 811-812]. The contract will be enforced if it is possible to reach a fair and just result even if, in the process, the court is required to fill in some gaps. ( *Okun v. Morton* (1988) 203 Cal.App.3d 805, 817.) Here, the Agreement is a binding contract under California law.

Mr. Graff had actual and/or ostensible authority, therefore the Agreement is binding on Mr. Graff's principal, the Movant herein.

### DEBTOR IS WILLING AND ABLE TO CONSUMMATE THE AGREEMENT

Movant contends that even if there was an agreement, "Debtor would already be $22,500 behind on the required payments, which would entitle Movant to expediated stay relief, and the assurance of no oppositions from LR or Debtor to any any future motions for relief filed in any future bankruptcy cases." [Movant Reply at 4:14-17.]  As explained above, there is a binding agreement reached on August 8, 2024, but Movant has refuted this up to now.   Yan, on behalf of LR, had attempted to settle the dispute with Movant prior to filing the state court action for specific performance, so it is unreasonable for Movant to contend that LR had breached the Agreement, thereby entitling Movant to the remedies for breach as stipulated in the Agreement. If Movant contends that Debtor must still follow the payment schedule as stipulated in the Agreement, that is, "Monthly plan payments of $7,500.00 each, to commence on August 15, 2024", then Debtor is willing and able to do so.  Debtor agrees to pay all accrued payments since August 15, 2024 as a precondition for approval of a reorganization plan.

### THIS MOTION FOR RELIEF FROM STAY SHOULD BE DENIED

As explained above, there is a binding agreement reached on August 8, 2024 as to the treatment of Movant's lien on the Lombard property.  The Lombard property is necessary to such a reorganization plan.  Even thought this case commenced as an emergency Chapter 7 filing, Debtor is eligible for relief under Chapter 11 because it is a successor in interest and beneficiary to the Agreement and conversion to Chapter 11 is proper and necessary to effectuate the Agreement.

Movant's argument that there was an unauthorized transfer of the property is incorrect.  As set forth in Debtor's opposition paper, the deed of 9/10 of the Lombard Property to Debtor as tenant-

in-common on September 16, 2024 is under California law a change in the method of holding title, which is specifically exempt from transfer tax under California Property Tax Rules. Even if the deed is considered a transfer, it is valid unless set aside in the discretion of the trustee. Section 549 of the Bankruptcy Code provides that a transfer of property of the estate that occurs post-petition may be avoided by the trustee. See 11 U.S.C. § 549(a)(1) and (2)(B). See also *40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076, 1081 (9th Cir. 2003) ("The purpose of section 549 . . . is to provide a just resolution when the debtor himself initiates an unauthorized postpetition transfer. The general rule in such situations is that the trustee is authorized to avoid the transfer in order to protect the creditors.") The trustee may, but is not obligated to, avoid unauthorized post-petition transfers of property of the estate. Here, the Lombard Property has no equity to pay any other creditor's claim besides Movant's, and Movant's refusal to abide by the Agreement necessitated the state court action for specific performance and this filing by Debtor, hence, Movant has no moral standing to claim that this filing by Debtor is in bad faith. Also, as stated above, Debtor is ready and able to perform the terms of the Agreement, and to follow the payment schedule as stipulated in the Agreement and pay all accrued payments since August 15, 2024 as a precondition for approval of a reorganization plan.

CONCLUSION

For the reasons stated, the Court should deny Movant's motion for relief from automatic stay.

October 17, 2024

/s/ Leeds Disston
Attorney for Debtor J1K5, LLC